UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD L. WILLIAMS, <u>et al.</u>, | ) | CASE NO. 5:05 CV 1985 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JOHN DONOFRIO, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

On August 12, 2005, plaintiff <u>pro se</u> Edward L. Williams filed this action on behalf of himself and the Elizabeth Williams Group Home seeking relief under 18 U.S.C. §§ 1033 and 1034, and 42 U.S.C. § 1985 against Summit County Fiscal Officer John Donofrio, Summit County Prosecutor James A. Rodgers, Summit County Court of Common Pleas Judge Mary Spicer, and Summit County Clerk of Courts Diana Zeleski.  In the complaint, plaintiff requests that this court initiate a criminal investigation of the defendants' action in connection with the denial of a tax exemption and a foreclosure.  He also asks that the state court foreclosure action be enjoined, and that he be awarded compensatory and punitive damages.  Mr. Williams also filed an Application to Proceed <u>In Forma Pauperis</u>.  That Application is

granted

### *Background*

The Elizabeth Williams Group Home, Inc., ("Group Home") is a non-profit corporation. Mr. Williams's connection to this organization is not stated in the complaint. It appears that property owned by the Group Home is the subject of a foreclosure action in the Summit County Court of Common Pleas for unpaid property taxes. Summit County was successful in the foreclosure and Mr. Williams appealed the decision to the Ohio Ninth District Court of Appeals. During the pendency of the appeal, the county proceeded with the actions necessary to conduct the sheriff's sale. Mr. Williams points to several irregularities in the state court proceedings, and claims the sale order is invalid.

### *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

This complaint represents plaintiff's fourth attempt to bring this matter before the court.

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

On July 10, 2002, Mr. Williams filed Case No. 5:02 CV 1320 asserting substantially similar claims against Summit County, the Ohio Department of Taxation and three individual defendants based on this same set of facts.  That case was assigned to United States District Judge Dan Aaron Polster, who dismissed the case on its merits on October 28, 2002. Plaintiff filed another substantially similar action on May 6, 2005. That case, No. 5:05 CV 1149, was assigned to the undersigned District Judge.  It too was dismissed on its merits on August 17, 2005.  He filed a third action on May 13, 2005, Case No. 5:05 CV 1317, which was assigned to United States District Judge John R. Adams.  Once again, that action was dismissed on its merits on July 15, 2005.  Mr. Williams appealed that decision.  The Sixth Circuit Court of Appeals affirmed the District Court's Opinion on August 17, 2005.  This present action is merely a restatement of the facts and arguments set forth in those prior actions.

The doctrine of <u>res judicata</u> dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  <u>Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  <u>Id.</u>  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. <u>Westwood Chemical Co. v. Kulick</u>, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a <u>res judicata</u> bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  Mr. Williams is therefore precluded from litigating this matter for a fourth time.

### *Vexatious Litigation*

The court takes judicial notice of its own records in observing that this is the seventh frivolous lawsuit filed by Edward Williams in this court.[2]  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  Id.  To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings.  Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[3]

Mr. Williams has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process.  Accordingly, Edward L. Williams is permanently enjoined from filing any new lawsuits or other

---

[2]     See Williams v. Department of Development. Case No. 5:05 CV 1943; Williams v. First Merit Bank, Case No. 5:05 CV 1939; Williams v. United States Department of Agriculture, Case No. 5:05 CV 1394; Williams v. Crown Development One, Case No. 1:05 CV 1584; Elizabeth Williams Group Home v. Summit County, Case No. 5:02 CV 1320; Williams v. Donofrio, Case No. 5:05 CV 1149; and Williams v. Fiscal, Case No. 5:05 CV 1317.

[3]     Other circuits have endorsed enjoining these types of filers.  See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

4

documents without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty

Judge in accordance with the following:

>    1.      He must file a "Motion Pursuant to Court Order Seeking Leave to File"
>    with any document he proposes to file and he must attach a copy of this Order
>    to it (any such motion should be filed in a miscellaneous case).
>
>    2.      As an exhibit to any motion seeking such leave, he must also attach a
>    declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn
>    affidavit certifying that (1) the document raises a new issue which has never been
>    previously raised by his in this or any other court, (2) the claim or issue is not
>    frivolous, and (3) the document is not filed in bad faith.
>
>    3.      By means of a second exhibit, he must identify and list:  (a) the full
>    caption of each and every suit which has been previously filed by his or on his
>    behalf in any court against each and every defendant in any new suit he wishes
>    to file, and (b) the full caption of each and every suit which he has currently
>    pending.
>
>    4.  As a third exhibit to the motion, he must provide a copy of each complaint
>    identified and listed in accordance with the foregoing paragraph 3 and a certified
>    record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous,

vexatious or harassing.  If the motion is denied, the document shall not be filed.  Further, plaintiff's failure

to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave

to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited

resources, the Clerk's Office is hereby ordered as follows:

(1)  Any document submitted by Mr. Williams prior to him obtaining leave to file shall not

be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and

unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2)  The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Williams files, unless and until leave is granted.

### *Conclusion*

Accordingly, Mr. Williams's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


Dated: October 5, 2005                                    s/   *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[4]        28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6